RAMIS, APPELLANT, *v.* THE REGISTRAR, RESPONDENT.

APPEAL from a Decision of the Registrar of Property of Caguas.

No. 136.—Decided June 17, 1913.

RECORD OF TITLE—AMBIGUOUS APPLICATION TO REGISTRAR.—When it is desired that the registrar of property make any entry in the books of the registry the applicaion should be made in a specific and definite manner and not in a vague form creating doubt as to the kind of entry desired.

LIENS—FREEDOM OF PROPERTY—PRESUMPTION.—The presumption is always in favor of the freedom of the property and in order that property may be considered encumbered the lien must be constituted in clear and fixed terms which do not give place to the least doubt.

ID.—MODIFICATION OF CONTRACT—THIRD PARTY.—When a property is recorded
    in the name of a third party a modification of the original contract amount-
    ing to a lien to which said third party has not consented cannot be recorded
    in the registry later.

The facts are stated in the opinion.

The appellant appeared *pro se.*

The registrar of property, Mr. Raul Benedicto, appeared
*pro se.*

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of
the court.

By a public deed dated June 2, 1909, Pascual Borrás y
Llacer, for and in consideration of the sum of $250 which the
vendor acknowledged to have received from the vendee prior
to the execution of said deed, sold to Bartolomé Borrás y
Ortelli 1 *cuerda* of land segregated from a rural property
belonging to said Borrás y Llacer, which was mortgaged to
María Fernández y Morales, by a public instrument of Feb-
ruary 8, 1909, to secure a debt of $600 together with $60 in-
terest and $40 costs, of which mortgage José Más y Gelpí was
the assignee.

On October 21, 1910, the following parties appeared before
Notary Lorenzo Giménez y García in the city of Caguas, to wit:
the spouses Bartolomé Borrás y Ortelli and Carmen Collazo;
Cipriano Manrique Gil and Francisco Ramis Borrás as attor-
ney in fact of Pascual Borrás y Llacer, when, by a public
instrument of the same date the aforesaid spouses sold to
Manrique Gil the said *cuerda* of land for the sum of $525, of
which amount the vendors received $275, the remaining $250
being retained by the purchaser to be applied, as far as it
would go, to the payment of the mortgage on the whole
property.

Clause 4 of the deed of October 21, 1910, reads as follows:

"*Fourth.* The parties, Bartolomé Borrás y Ortelli and Ramis y
Borrás, the latter representing Pascual Borrás y Llacer, in explanation
state that although in said deed No. 7 of June 2 of last year it appears
that the sum of $250, the purchase price of the property conveyed

therein, was received prior to the execution of said deed, said payment was made by an order drawn by the purchaser, Borrás y Ortelli, for that sum in favor of the vendor, Pascual Borrás y Llacer, on the former's father, Gabriel Borrás y Ortelli, of Mallorca, Spain, said order has not been paid and has been withdrawn and canceled, leaving the said purchase price of $250 still due and owing."

A copy of the said instrument of October 21, 1910, together with a written statement of Francisco Ramis as assignee of the hereditary rights of Gabriel Borrás y Llacer and Juana Borrás y Ginart, the heirs of Pascual Borrás y Llacer, and as agent of María Luisa Borrás y Llacer and María de Monserrat Borrás y Llacer, also heirs of Pascual Borrás y Llacer, was presented in the Registry of Property of Caguas to secure the recording of the property right of Pascual Borrás y Llacer set forth in the said deed *in the manner deemed appropriate,* on which the following decision was rendered by the registrar on December 30, 1912:

"The request contained in the document accompanying the foregoing deed is refused for the reason that it fails to state clearly what action is desired to be taken by the registrar; that the explanatory recital in clause 4 of the foregoing deed was made only by the representative of the original owner, Pascual Borrás, and the former purchaser, Bartolomé Borrás, and constitutes only a statement of personal rights between these two; that even regarding the same as a property right, it could not be recorded in view of the fact that the property is recorded in the name of Cipriano Manrique, who has not agreed to the placing of any encumbrance thereon and has not recognized the deferred payment of $250 as constituting a lien on the property, nor in acquiring the property was there placed upon him in the deed the obligation or condition to pay the same. No cautionary notice of this refusal is entered for the reason that the explanatory statement referred to being a juridical recital of matters purely personal, no action can be taken in the registry in regard thereto."

An appeal was taken by Francisco Ramis Borrás from the above decision and is now before us for consideration.

We will examine the three grounds on which the decision of the registrar is based.

With regard to the first ground, we.think that instead of asking the Registrar of Property of Caguas to record the property right alleged to have been established in the deed of October 21, 1910, in favor of Pascual Borrás y Llácer, *in the manner deemed appropriate,* the appellant should have specified what action he desired the registrar to take, as clause 4 of the deed of sale of October 21, 1910, which was not mentioned in the registry when the said deed of sale was recorded, might be entered in different ways, to wit: a rectification of the record made in favor of Cipriano Manrique Gil to show the deferment of the payment of the purchase price of the original sale so that it might constitute a lien on the property; a new record setting forth the modification of the original deed of sale made by Pascual to Bartolomé Borrás, or marginal notes to the records of Bartolomé Borrás and Cipriano Manrique setting forth the agreement regarding the postponement of the payment of the purchase price.

As these operations call for the application of different legal provisions and are subject to distinct requirements and formalities, the appellant should have made his application to the registrar in a fixed and definite form and not in the vague manner in which he did, committing to the registrar, as it were, the defense of his rights.

In regard to the second ground of the decision appealed from, the said fourth clause quoted does not show that Pascual and Bartolomé Borrás agreed that the purchase price of the original sale should be considered as a lien on the property, therefore a property right which had not been previously established cannot be recorded. The presumption is always in favor of the freedom of the property and before it can be considered as encumbered the lien must be constituted in clear and fixed terms which do not give place to the least doubt.

But even supposing, with regard to the third ground of the decision, that the said clause constituted a real right, it could not be recorded because the property was recorded in the name of Cipriano Manrique Gil, who, according to the deed, retained

$250 of the purchase price of the property to apply as far as it would go to the payment of the $600 mortgage which encumbered the whole property, he having assumed no obligation to pay Pascual Borrás.

The appellant himself states that what he desires recorded is not a lien on real estate, but a resolutory condition to which the property is subject because the original purchase price has not been paid, and, if such is his intention, he may make application to the registrar in fixed and precise terms and not in the vague and uncertain manner in which he has done so.

The decision appealed from is affirmed.

*Affirmed.*

Justices MacLeary, Wolf, del Toro and Aldrey concurred.